1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6                **DISTRICT OF NEVADA**
7
8    DELBERT GREENE,                      )
                                          )
9                        Petitioner,      )      3:11-cv-00828-RCJ-VPC
                                          )
10   vs.                                  )
                                          )      ORDER
11   RENEE BAKER,  et al.,                )
                                          )
12                       Respondents.     )
     _____ /
13
14         This action is on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in
15   which petitioner, a state prisoner, is proceeding *pro se.*  Before the Court is respondents' motion to
16   dismiss the petition (ECF No. 8), petitioner's response (ECF No. 12), respondents' reply (ECF No. 13)
17   and an unauthorized surreply filed by petitioner (ECF No. 14).  Respondents move to strike the surreply
18   (ECF No. 15), which is unopposed.  The motion to strike shall be granted.
19   **I.      Procedural Background**
20         Petitioner has a complicated procedural background related to his direct and collateral
21   review of the conviction which is the subject of attack herein.  However, relevant to this action, the
22   procedural history is as follows.
23         A judgment of conviction finding petitioner guilty of burglary while possessing a deadly
24   weapon, conspiracy to commit robbery, and robbery with the use of a deadly weapon was entered on
25
26

October 3, 2003. Exhibit 3.[1]   While the conviction was affirmed on direct appeal, the Nevada Supreme

Court remanded the matter on May 18, 2004, for a new sentencing hearing, finding that the trial court

had erred in its order regarding the concurrent or consecutive nature of the sentences and that the court

failed to sentence petitioner for the deadly weapon enhancement for the robbery with a deadly weapon.

Exhibit 4. An amended judgment of conviction was entered on July 15, 2004.  Exhibit 5.

Petitioner once again appealed and the Nevada Supreme Court affirmed.

According to respondents, petitioner filed "numerous appeals and state and federal habeas

petitions" between the filing of the amended judgment of conviction on July 15, 2004, and a 2008 post-

conviction petition, which was denied on September 30, 2008.[2]  Exhibit 1, Register of Actions, entry

dated 9/30/2008.  At this point, on appeal from the denial of the 2008 petition, the Nevada Supreme

Court discovered a clerical error in the Amended Judgment of Conviction and directed the trial court

to correct the error.  Exhibit 6.  The clerical correction was made by order of the trial court. Exhibit 1,

Register of Actions, entry dated 8/27/2009.  The Second Amended Judgment of Conviction was filed

on September 3, 2009.  Exhibit 7.  Petitioner apparently did not seek a direct appeal of this judgment

and the time for petitioner to seek such a review expired on October 5, 2009.

On February 18, 2010, petitioner filed a new state post-conviction petition, which was

denied by the trial court and appealed to the Nevada Supreme Court as case number 56013.  Exhibits

8, 11, and 12.  On May 13, 2010, petitioner filed another state post-conviction petition, which the trial

court denied and petitioner appealed as case number 56546.  Exhibits 15, 20, and 22.  The Nevada

Supreme Court affirmed the trial court's decisions in a consolidated opinion on November 8, 2010.

Exhibit 24.  The Nevada Supreme Court found both petitions to be untimely and successive pursuant

---

[1] The exhibits referenced in this order were submitted by respondents in support of their motion to dismiss and are found in the Court's record at ECF No. 9.

[2] The Court notes from its own case files that petitioner has filed at least four other petitions pursuant to 28 U.S.C. § 2254 since the original amended judgment of conviction.  *See* 3:09-cv-00601-ECR-VPC, which also attacks the second amended judgment; and 2:07-cv-0092-LRH-LRL; 2:06-cv-00402-RLH-LRL; and 2:06-cv-01009-RCJ-RJJ which pre-date the second amended judgment.

to state law and determined that petitioner was unable to overcome these procedural bars through a showing of good cause for the delay or for failing to bring his new claims in a previous petition. *Id. See* Nevada Revised Statutes § 34.726 and § 34. 810. Remittitur issued on these appeals on December 3, 2010. Exhibit 25. The instant federal petition was commenced on November 17, 2011. ECF No. 1.

**II.     Discussion**

Respondents argue the petition is untimely, that the single claim for relief is unexhausted and that it should be procedurally barred. Petitioner argues that the petition should be considered timely because his previous attempts to bring the claim were in an improper format, which should be excused because of his pro se status, and that the pendency of his latest state petition should be taken into account.

A.     Timeliness

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State

–3–

1    post-conviction or other collateral review with respect to the pertinent
2    judgment or claim is pending shall not be counted toward any period of
     limitations under this subsection.

3    28 U.S.C. § 2244(d).

4    The United States Supreme Court has held that the "time for seeking direct review" under

5    28 U.S.C. §2244(d)(1)(A) includes the ninety-day period within which a petitioner who was

6    unsuccessful on direct appeal can file a petition for a writ of certiorari from the United States Supreme

7    Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition.

8    *Gonzalez v. Thaler,* 132 S.Ct. 641, 653 -654 (U.S.2012); *see also Bowen v. Roe*, 188 F.3d 1157, 1159

9    (9th Cir. 1999).

10   As outlined above, the statute of limitations for § 2254 petitions offers a number of

11   triggering dates. *See* 28 U.S.C. § 2244(d)(1) (A)-(D).   The date on which the judgment becomes final

12   by the conclusion of direct review is the pertinent date in the majority of cases.  *See United States v.*

13   *Schwartz,* 274 F.3d 1220, 1223 (9th Cir. 2001).  In petitioner's case, even though his original judgment

14   of conviction became final in December 2005, the filing of a second amended judgment of conviction

15   triggered a new opportunity for review.  *See Magwood v. Patterson,* — U.S. —, 130 S.Ct. 2788, 2796-

16   2797 (2010) (discussing whether a new petition for writ of habeas corpus, filed after a new sentencing

17   and judgment of conviction is considered a second or successive petition and determining that such a

18   new judgment started the review process anew); *see also Burton v. Stewart,* 549 U.S. 147, 155, 127 S.Ct.

19   793, 798 (2007) (where there is no new judgment intervening between two habeas petitions, a second

20   habeas petition could be improper under 28 U.S.C. § 2244(b).).[3]  The conclusion of direct review of that

21   new judgment of conviction or the time allowed to seek such review, is the date that his conviction

22   became final for a second time and the one-year limitation period began anew.  *Id.; see also Tillema v.*

23

24   [3] The Court recognizes that these preceding cases analyze second or successive petitions.
     However, the analysis address the issue of whether a new judgment triggers a new opportunity for
25   review.  The Court can infer from the analysis that a new judgment also starts the statute of limitations
     anew.
26

– 4 –

1    *Long*, 253 F.3d 494, 500 n. 8 (9th Cir.2001) (defining the "pertinent judgment" as "the judgment of

2    conviction and sentence in the state court that is being contested in the federal habeas proceeding").

3          B.    <u>Statutory Tolling</u>

4          Because petitioner did not directly appeal the new judgment, petitioner's second amended

5    judgment of conviction became final thirty days after it issued, on October 5, 2009. Petitioner had one

6    year to file his federal petition. He did not file it until November 17, 2011, which is more than two years

7    after that date. Only if petitioner had a "properly filed application for State post-conviction or other

8    collateral review with respect to the pertinent judgment or claim" would that period of time be statutorily

9    tolled.

10         Petitioner offers a vague argument that his latest state petition's pendency should be taken

11    into account, because that petition was finally decided during "the pendency of this instant petition."

12    Opposition to Motion to Dismiss, p. 5. He also argues that the way the state court implemented his

13    second amended judgment, "without his presence or knowledge," brings the petition within the statute

14    of limitations. Unfortunately, petitioner fails to provide the Court with a date certain when he became

15    aware of the new judgment and he also fails to identify the latest state petition which he claims tolls the

16    limitation period.

17         Respondents point out that the two state court petitions challenging the second amended

18    judgment were finally decided on December 3, 2010, when the Nevada Supreme Court issued the

19    remittitur on the appeals from denial of these petitions. Exhibit 25. They note the current petition was

20    not filed until November 14, 2011. Thus, petitioner's assertion that his latest state "petition received its

21    final denial during the pendency of this instant petition" is false. Moreover, the Nevada Supreme Court

22    found the petitions to be untimely. Exhibit 24. Under *Pace v. DiGuglielo*, 544 U.S. at 412-413, an

23    untimely filed petition is not properly filed for purposes of tolling the statute of limitations. This federal

24    petition was filed more than two years after the September 3, 2009, entry of the second amended

25    judgment of conviction. *See* Exhibit 7. It is untimely and petitioner is not entitled to statutory tolling.

26

1       C.     <u>Equitable Tolling</u>

2            While he is not entitled to statutory tolling, petitioner may qualifiy for equitable tolling

3 of the statute of limitatoins. *Tillema v. Long*, contains a clear statement of the basic law governing

4 equitable tolling of the AEDPA statute of limitations:

5                  As we have previously held, "[w]hen external forces, rather than
a petitioner's lack of diligence, account for the failure to file a timely
6           claim, equitable tolling of the statute may be appropriate." *Miles v.
Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Calderon v. United
7           States Dist. Court (Kelly)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997),
*overruled on other grounds by Calderon v. United States Dist. Court*, 163
8           F.3d 530 (9th Cir. 1998) (en banc) (petitioner entitled to equitable tolling
where petitioner's counsel withdrew and left replacement counsel with
9           unusable work product that made timely filing impossible); *Kelly*, 163
F.3d at 541-42 (petitioner entitled to equitable tolling because the district
10          court ordered a stay preventing petitioner's counsel from filing a timely
habeas petition and because petitioner was allegedly mentally
11          incompetent).

12 *Tillema*, 253 F.3d at 504.

13            The Ninth Circuit Court of Appeals has also made clear that equitable tolling is

14 unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*,

15 187 F.3d 1104, 1107 (9th Cir. 1999).   Equitable tolling is only appropriate "if *extraordinary*

16 circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda*, 292

17 F.3d at 1066 (*quoting Calderon v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir.

18 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d

19 530 (9th Cir. 1998)(*en banc*))(emphasis in original).   "Indeed, 'the threshold necessary to trigger

20 equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d

21 at 1066 (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878

22 (2000)).

23            Petitioner is not entitled to equitable tolling as he has not presented any evidence that

24 extraordinary circumstances beyond his control interfered with his ability to file a timely federal petition.

25 His argument that the court took improper actions when it resentenced him without his presence does

26

–6–

not meet the high standard set by the courts.  In affirming the state trial court's dismissal of the petitions attacking the Second Amended Judgment, the Nevada Supreme Court found, after determining the petitions were untimely, that the new judgment was not a resentencing which would entitle petitioner to be present.  *See* Exhibit 24.  Rather, the court found it was merely a correction of a clerical error which, under state law, could be made at any time.  *Id.* citing NRS 176.565.  Thus, there were no improper state court actions which inhibited petitioner's ability to discover, with due diligence, the claim asserted in this petition.  Moreover, petitioner obviously became aware of the second amended petition well before February 18, 2010, when he filed his post-conviction petition attacking the judgment. Exhibit 8.  Petitioner offers nothing else to warrant equitable tolling and, as a result, the petition must be found to be untimely.

      D.    <u>Surreply</u>

Because the additional response filed by petitioner (ECF No. 14) after respondents' reply is unauthorized by the Rules of Civil Procedure or the Local Rules of Civil Practice, it has not be considered by the Court and shall be stricken from the record on respondents' motion.  *See e.g.,* LR 7-2(c).

## III.    Conclusion

This petition is untimely filed.  Petitioner has offered no convincing evidence or arguments to suggest he is entitled to either statutory or equitable tolling of the statute of limitations imposed by 28 U.S.C. § 2244(d).  Because it is untimely, the Court need not consider the respondents' remaining arguments regarding a lack of exhaustion of state court remedies or the anticipated procedural default.

Should petitioner wish to appeal this decision, he must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to

1  warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,

2  483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's

3  assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In

4  order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

5  debatable among jurists of reason; that a court could resolve the issues differently; or that the questions

6  are adequate to deserve encouragement to proceed further.  *Id.*

7                    Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section

8  2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order

9  disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal

10  and request for certificate of appealability to be filed.  Rule 11(a).  This Court has considered the issues

11  raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of

12  appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a

13  certificate of appealability.

14                    **IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 8) is

15  **GRANTED.**  The petition is **DISMISSED WITH PREJUDICE.**

16                    **IT IS FURTHER ORDERED** that the Motion to Strike (ECF No. 15) is **GRANTED.**

17  The Clerk shall strike petitioner's Response to Motion to Dismiss (ECF No. 14) from the record.

18                    **IT IS FURTHER ORDERED** that no certificate of appealability shall issue.  The Clerk

19  shall enter judgment accordingly.

20                    Dated this 3rd day of August, 2012.

21

22

23                                              _____
                                                UNITED STATES DISTRICT JUDGE

24

25

26